UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-mc-80503-SMITH/MATTHEWMAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff/Applicant,

v.

MICHAEL P. BROWN,

    Defendant/Respondent.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS BY PUBLICATION [DE 8]**

**THIS CAUSE** is before the Court upon Plaintiff, Securities and Exchange Commission's ("The SEC") Motion for Alternative Service of Process by Publication. [DE 8]. This matter was referred to the undersigned by United States District Rodney Smith. *See* DE 10.

**I.**     **Background**

The SEC filed its Petition in this case on April 11, 2019, seeking an entry of judgment enforcing Defendant's compliance with a final Commission Order, entered against Defendant on May 20, 2015, which required Defendant to pay disgorgement of $15,000 and a civil money penalty of $750,000. [DE 1]. On April 16, 2019, the Honorable United States District Judge Beth Bloom[1] entered an Order to Show Cause, requiring Defendant to show cause why the Court should not enter a judgment enforcing Defendant's compliance with the Commission Order entered against him on May 20, 2015. [DE 3, pg. 2]. That Order also required the SEC to file proof of service upon Defendant of the Order to Show Cause on or before April 25, 2019. *Id.*

---

[1]This case was reassigned to the Honorable United States District Judge Rodney Smith on June 17, 2019 [DE 9], and to the undersigned United States Magistrate Judge on July 1, 2019. [DE 10].

1

On April 26, 2019, the SEC filed a Notice of Service [DE 4], in which the SEC advised the Court that it was having difficulty locating Defendant. The SEC attached the Declaration of Eric M. Turnbaugh, general manager of Cavalier Courier & Process Service ("CCPS"), which stated that CCPS had made several attempts to serve Defendant with the Order to Show Cause at seven different addresses, but was ultimately unsuccessful in locating Defendant. [DE 4-1]. The SEC requested an additional month to attempt to locate Defendant, and asked that if it could not locate Defendant, it be permitted to "send notice to all known addresses that it believes may be valid, all known e-mail addresses and to provide notice via publication and for this to be deemed adequate service." [DE 4]. On April 29, 2019, the Court granted the SEC's request for an extension and ordered the SEC to file proof of service upon Defendant on or before May 27, 2019. [DE 6]. On May 30, 2019, the Court entered an Order which stated that the SEC had not filed proof of service upon Defendant as required in its April 29, 2019 Order [DE 6] and ordered the SEC to file proof of service upon Defendant by June 3, 2019 or face sanctions. [DE 7].

On June 3, 2019, the SEC filed its Status Report Regarding Notice of Service. [DE 8]. In the Status Report, the SEC advises the Court that it had continued to attempt to locate Defendant but was unsuccessful. The SEC asserts that it has been unable to personally serve Defendant, although it has been diligent in its attempts to serve Defendant. The SEC further states that it is "not confident" that it will be able to locate Defendant for personal service, even given an additional thirty days. The SEC advises that it believes Defendant resides in South Florida because he receives mail at an address in South Florida, and also believes that Defendant was recently traveling in Michigan. The SEC included a supplemental Declaration of Mr. Turnbaugh, who stated that CCPS visited a SunTrust bank in Boca Raton, Florida, a Holiday Inn Express in Petoskey, Michigan, and a residence in Boca Raton, Florida where Defendant's business associate

2

resides, in May, 2019 but could not locate Defendant. Thus, in light of the substantial efforts expended to personally serve Defendant, the SEC asks the Court to allow the SEC to serve Defendant by publication in Florida and Michigan.

**II.     Service by Publication**

"Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; ..." Fed. R. Civ. P. 4(e)(1).

While Florida permits service on any person, corporation, or other legal entity by publication, it limits service by publication to fifteen enumerated actions specified in Florida Statute § 49.011. If service by publication is permitted under Fla. Stat. § 49.011, a party seeking service by publication is required to file "a statement...in the action executed by the plaintiff, the plaintiff's agent or attorney, setting forth substantially the matters hereafter required, which statement may be contained in a verified pleading, or in an affidavit or other sworn statement" in its request for alternative service. Fla. Stat. § 49.031(1). The sworn statement should show:

> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
> (2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and
> (3) In addition to the above, that the residence of such person is, either:
>     (a) Unknown to the affiant; or
>     (b) In some state or country other than this state, stating said residence if known; or
>     (c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that

3

> affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

Fla. Stat. § 49.041.

Cases interpreting the Florida statutes hold that "there must be strict compliance with the requirements of service of process by publication" and that the "[f]ailure to strictly comply renders a subsequent judgment voidable." *United States v. Cornwell*, No. 6:18-CV-2194-ORL-22TBS, 2019 WL 1470231, at *1–2 (M.D. Fla. Apr. 3, 2019) (citing *Godsell v. United States Residential Ins.*, 923 So.2d 1209, 1213 (Fla. 5th DCA 2006) (quoting *Floyd v. Federal Nat'l Mortgage Ass'n*, 704 So.2d 1110, 1112 (Fla. 5th DCA 1998)). The courts have explained that "when a plaintiff seeks service of process by publication, 'an honest and conscientious effort, reasonably appropriate to the circumstances, must be made to acquire the information necessary to fully comply with the controlling statutes.'" *Id.*, at 1214 (quoting *Klinger v. Milton Holding Co.*, 136 Fla. 50, 68, 186 So. 526, 534 (Fla. 1939)). "It is basic that to constitute diligent search and inquiry to discover the whereabouts of a party, that inquiry should be made of persons likely or presumed to know such whereabouts." *Id.*, at 1215 (quoting *Dor Cha, Inc v. Hollingsworth*, 876 So.2d 678, 680 (Fla. 4th DCA 2004)).

Service by publication is generally appropriate when a defendant is missing, cannot be located, and may be avoiding service. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317, 70 S. Ct. 652, 658, 94 L. Ed. 865 (1950). While it is clear to the Court from the Declarations of Eric Turnbaugh [DE 4-1. DE 8-1] that CCPS has made diligent efforts to locate Defendant and simply cannot find him, the SEC's Motion, improperly contained in a Status Report, and the included Declaration are insufficient for the Court to grant the SEC's request for service by publication. First, a Notice is *not* a Motion. Second, Local Rule 7.1(a)(1) of the Southern District

of Florida requires every motion to contain a memorandum of law citing supporting authorities, which the SEC's Status Report does not contain. Third, even if the SEC asserted a sound legal basis to permit service by publication, it appears that the Declaration of Mr. Turnbaugh is insufficient pursuant to the requirements Florida Statute § 49.041, which are delineated above. For example, nowhere in the Declaration does Mr. Turnbough state whether Defendant is over the age of 18. This is not "strict compliance with the with the requirements of service of process by publication" as required in this Court. *See Cornwell*, 2019 WL 1470231 at *1–2.

Therefore, for the reasons stated herein, the SEC's Motion for Alternative Service of Process by Publication [DE 8] is **DENIED.** This denial is without prejudice to the SEC's filing a corrected motion for alternative service as discussed below. The Court will first allow the SEC an additional 45 days to attempt to personally serve this Order and the Order to Show Cause [DE 3] upon Defendant. Second, after the additional 45 days to attempt to personally serve Defendant has expired, and the SEC deems it necessary and legally proper, it may file a corrected motion for alternative service in accordance with the Local Rules of the Southern District of Florida, the Federal Rules of Civil Procedure, and any applicable Florida Statutes on or before August 28, 2019. Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. The SEC shall have 45 days from the date of this order to effect personal service upon Defendant. The SEC shall file proof of personal service upon Defendant of this Order and the Court's Order to Show Cause [DE 3] on or before August 26, 2019.
2. If after diligent and sufficient efforts, the SEC is unable to personally serve Defendant, the SEC may file a corrected motion for alternative service in accordance with the Local Rules of the Southern District of Florida, the Federal Rules of Civil Procedure, and any applicable Florida Statutes on or before August 28, 2019.

3. Failure by the SEC to comply with this Order may result in sanctions.

4. Defendant shall show cause why the Court should not enter judgment enforcing compliance by Defendant with the Commission Order entered against him on May 20, 2015. Defendant must serve and file any opposing papers within 20 days of being served with the Order to Show Cause [DE 3] and this Order. Defendant's service shall be made by: (1) physical delivery to Michael Roessner, Securities and Exchange Commission, 100 F Street, Mail Stop 5631, Washington, DC 20549-0022; (2) via e-mail to roessnerm@sec.gov; or (3) the CM/ECF system of this Court.

5. If Defendant serves and files any opposing papers, the SEC may serve and file reply papers within ten days of the filing of date of any opposing papers, and it may serve such reply papers by: (1) physical delivery to Defendant at the address designated in their opposition papers; (2) e-mail to such address as Defendant may designate; or (3) the CM/ECF system of this Court if Defendant appears by counsel.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of July, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE